**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHEILLI DIZON and MARK JASON ESPEJO,<br><br>Plaintiffs,<br><br>v.<br><br>AMOR ALEGRE and AURORA RIGON,<br><br>Defendants. | Case No. 1:23-cv-01366-JLT-BAM<br><br>**INFORMATIONAL ORDER FOR SERVICE BY CLERK OF COURT** |

Plaintiffs Sheilli Dizon and Mark Jason Espejo, proceeding through counsel, initiated this action on September 18, 2023, against Defendants Amor Alegre and Aurora Rigon. Defendants Alegre and Rigon are proceeding pro se. The Court therefore provides the following information relevant to *pro se* litigants. In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (F.R.C.P.) and the Local Rules of the United States District Court, Eastern District of California (Local Rules). **FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS**. *See* Local Rule 110; Fed. R. Civ. P. 41(b).

1. Documents intended to be filed with the Court must be mailed to the Clerk of the Court. *See* Local Rule 134(a). **All documents improperly mailed to a judge's chambers will**

1

1 **be stricken from the record.**  A document requesting a Court order must be styled as a motion.
2 *See* Fed. R. Civ. P. 7.

3     2.    Each document submitted for filing must include the original signature of the
4 filing party or parties.  Local Rule 131; Fed. R. Civ. P. 11(a).  **All documents submitted without**
5 **the required signature(s) will be stricken.**[1]  Each separate document must be separately stapled.
6 *See* Local Rule 130.  If a document is stapled behind another document, it will not be filed and
7 will not be entered on this Court's docket.

8     3.    All documents filed with the Court must be submitted with an additional legible
9 conformed copy for the Court's use.  *See* Local Rule 133(d)(2).  **A document submitted without**
10 **an extra copy for the Court's use will be stricken.**  If the filing party wishes the Court to return
11 a file-stamped copy, he or she must include an additional copy for that purpose (i.e., submit an
12 original and two copies, one for the Court's use and one to be returned).  **The Court cannot**
13 **provide copy or mailing service for a party**.  Therefore, if the filing party wishes a file-stamped
14 copy returned, the party must also provide an envelope with adequate postage pre-paid.  Copies of
15 documents from the Court file may be obtained at the cost of 50 cents per page.

16     4.    After any defendants have appeared in an action by filing a pleading responsive to
17 the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must
18 include a certificate of service stating that a copy of the document was served on the opposing
19 party.  *See* Fed. R. Civ. P. 5; Local Rule 135(c).  **A document submitted without the required**
20 **proof of service will be stricken**.  Where a party is represented, service on the party's attorney of
21 record constitutes effective service.  A sample of a proper proof of service is attached hereto.

22     5.    All filings must bear the file number assigned to the action, followed by the initials
23 of the District Court Judge and the Magistrate Judge to whom the case is assigned.

24     6.    The Court cannot serve as a repository for the parties' evidence. The parties may
25 not file evidence with the Court until the course of litigation brings the evidence into question (for
26 example, on a motion for summary judgment, at trial, or when requested by the Court).  **Evidence**
27 **improperly submitted to the Court will be stricken and returned to the party.**

28     [1] When a document is stricken, it becomes a nullity and is not considered by the Court for any purposes.

7. All Court deadlines will be strictly enforced. Requests for time extensions must state the reason the extension is needed and must be filed with the Court before the deadline in question. *See* Local Rule 144.

8. An individual proceeding in propria persona has an affirmative duty to keep the Court and opposing parties informed of his or her current address. If an individual appearing in propria persona moves and fails to file a notice of change of address, service of Court orders at the individual's prior address shall constitute effective notice. *See* Local Rule 182(f). If mail directed to the individual is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to re-mail it.

9. Due to the press of business, the Court cannot respond to individual requests for the status of cases. Any such requests will be denied. So long as the parties inform the Court of any address changes in compliance with Local Rule 183(b), the Court will notify the parties of any Court action taken in their case.

10. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and motions pursuant to Local Rule 110 shall be briefed pursuant to Local Rule 230. Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.

11. A motion supported by affidavits or declarations that are unsigned will be stricken.

12. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

IT IS SO ORDERED.

Dated: **August 9, 2024**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE