UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILLI DIZON and MARK JASON ESPEJO,<br><br>Plaintiffs,<br><br>v.<br><br>AMOR ALEGRE and AURORA RIGON,<br><br>Defendants. | Case No. 1:23-cv-01366-JLT-BAM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Doc. 26) |

## BACKGROUND

Plaintiffs Sheilli Dizon and Mark Jason Espejo, proceeding with counsel, filed the instant action against pro se defendants Amor Alegre and Aurora Rigon on September 18, 2023. (Doc. 1.) Plaintiffs allege that they worked as caregivers in Defendants' senior care facilities. They bring claims against Defendants for unpaid minimum wages and unpaid overtime for work they performed as caregivers. Plaintiffs also allege that they were not provided compliant rests breaks, meal periods, or wage statements, and not paid all wages upon termination. (*Id.*)

Currently before the Court is Plaintiffs' motion for leave to file a first amended complaint. (Doc. 26.) Defendants failed to file a timely opposition to the motion. The Court therefore ordered Defendants to show cause in writing why the motion for leave to file a first amended complaint should not be granted. (Doc. 28.) Defendants failed to respond to the show cause

1

order.[1] In the absence of any opposition to the motion or any response to the show cause order, the matter was submitted on the record pursuant to Local Rule 230(g).  (Doc. 29.)  Having considered the moving papers, along with the record in this case, Plaintiffs' motion for leave to file a first amended complaint will be GRANTED.

## DISCUSSION

### A. Motion for Leave to File Amended Complaint

By the instant motion, Plaintiffs seek to add Aldrich Rigon as a defendant and to add causes of action for unlawful discrimination based upon national origin and for harassment based upon national origin that occurred during and after Plaintiffs left Defendants' employment.  (Doc. 26 at 4; Doc. 26-1, Ex. A to Declaration of Alexander S. Rusnak ("Rusnak Decl.").)  As to naming Aldrich Rigon as an additional defendant to this action, Plaintiffs explain that Mr. Rigon contacted Plaintiffs' counsel by telephone on February 14, 2024.  (Rusnak Decl. ¶ 3.)  Mr. Rigon reportedly stated that he was responsible for the determination and payments of all workers' wages at "all of the facilities."  (*Id.*, ¶ 4.)  He also stated that he managed all of the financial of the care facilities and that he is Defendant Aurora Rigon's son.  (*Id.*, ¶¶ 5, 7.)  Plaintiffs aver that Mr. Rigon "has been actively involved in this matter, including attending the last case management conference and conference calls with Plaintiffs' counsel and Defendants."  (*Id.*, ¶ 10.)  Additionally, Mr. Rigon has corresponded repeatedly with Plaintiffs' counsel via email regarding this matter.  (*Id.*)

As to the addition of claims for unlawful discrimination and for harassment, Plaintiffs explain that during further investigation, facts discovered indicated that Defendant's unlawful employment practices regarding the payment of wages was based on Defendant's perceptions of Plaintiffs' immigration status and Defendants' beliefs regarding Plaintiffs' immigration status.  (Rusnak Decl. ¶ 14.)  Further, Plaintiffs contend that after Defendants were served with the complaint in this matter, they began harassing Plaintiffs by calling and texting them and reaching

---

[1] The Order to Show Cause served on Defendant Aurora Rigon was returned as "Undeliverable, Return to Sender."  Notwithstanding the return of the Court's order, Defendant Rigon failed to file a timely opposition to Plaintiffs' motion.  The Court construes this failure as a non-opposition to the motion. L.R. 230(c).

2

out to members of the community to locate Plaintiffs and their current employers, and such communications included comments regarding Defendants' perception of Plaintiffs' national origin.  (*Id.*, ¶ 15.)

**B.  Legal Standard**

Plaintiffs timely filed their motion to amend on July 19, 2024, consistent with the Scheduling Conference Order deadline to file stipulated amendments or motions to amend the pleadings.  (*See* Doc. 214 [Amendment to Pleadings: July 19, 2024]).  Plaintiffs' motion is therefore considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings.  *Bencomo v. County of Sacramento*, No. 2:23-cv-00440-DAD-JDP, 2024 WL 382381, at *1 (E.D. Cal. Jan. 31, 2024) ("Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings when the deadline for amendments in the pretrial scheduling order had yet to pass at the time the motion for leave to amend was filed . . . ."); *cf. Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend."); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (concluding that motion to amend filed after pretrial scheduling order deadline must satisfy the requirements of Federal Rule of Civil Procedure 16).

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to

3

pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

**C. Analysis**

In considering the relevant factors, the Court finds that leave to file a first amended complaint should be granted to add Aldrich Rigon as a defendant and to add claims for discrimination and harassment based upon national origin. First, there is no indication of undue delay. Plaintiffs timely submitted their motion for leave to amend prior to the expiration of the deadline for amendment of pleadings. The proposed amendments are based upon information obtained after the filing of Plaintiffs' initial complaint and also due to actions that occurred after the filing of the initial complaint. (Rusnak Decl. ¶¶ 3-7, 13-15.)

Second, there will be little prejudice to Defendants in permitting the amendment. The case is still in the early stages of discovery, with a non-expert discovery deadline of February 28, 2025, an expert discovery deadline of May 30, 2025, and a trial date of March 31, 2026. (*See* Doc. 24.) Moreover, Aldrich Rigon is familiar with the claims and has been actively involved in this matter. Defendants also failed to oppose the motion on any basis, including prejudice.

Third, there is no indication that amendment is futile.  As to the addition of Aldrich Rigon, Federal Rule of Civil Procedure 20 permits joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B). Plaintiffs assert that Mr. Rigon was involved with the other Defendants' unlawful pay practices and was responsible for managing those practices.  Plaintiffs' right to relief for the asserted wage and hour practices (and the proposed discrimination and harassment claims based on national origin) against Defendants and Mr. Rigon therefore arises out of the same transaction, occurrence, or series of transactions or occurrences.  Additionally, there are questions of fact and/or law common to all defendants related to the alleged wage and hour practices.  As to the addition of new claims, there is no indication of any futility of the proposed amendment.

Finally, there is no indication that the amendment is brought in bad faith, and Plaintiffs have not previously amended the complaint.

## CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 26) is GRANTED.

2. Within five (5) court days, Plaintiffs shall file the First Amended Complaint, a copy of which was attached as Exhibit A to the Declaration of Alexander S. Rusnak filed in support of the motion.

4. Defendants shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following service of the First Amended Complaint.

IT IS SO ORDERED.

Dated:   **September 7, 2024**          /s/ *Barbara A. McAuliffe*          
                                                     UNITED STATES MAGISTRATE JUDGE