1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHEILLI DIZON and MARK JASON            Case No.  1:23-cv-01366-JLT-BAM
     ESPEJO,
12                                           **ORDER GRANTING PLAINTIFFS' *EX***
                      Plaintiffs,            ***PARTE* APPLICATION TO MODIFY**
13                                           **PRETRIAL SCHEDULING ORDER**

14          v.                               (Doc. 44)

     AMOR ALEGRE and AURORA RIGON,
15
                      Defendants.
16

17                          **BACKGROUND**

18          On March 14, 2025, Plaintiffs Sheilli Dizon and Mark Jason Espejo ("Plaintiffs") filed an

19   *ex parte* application to modify the Scheduling Conference Order.  (Doc. 44.)  Plaintiffs request

20   that the Court extend the non-expert and expert discovery deadlines by at least ninety (90) days.

21   (*Id.*)

22          Plaintiffs explain that the request is based on the inability to complete fact discovery prior

23   to expiration of the non-expert discovery deadline and due to the impending expert disclosure

24   deadline.  Plaintiffs report that, among other things, Defendants failed to make initial disclosures

25   pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Defendant Rigon has yet to respond to

26   any written discovery, Defendant Alegre has not responded to any of Plaintiff Espejo's written

27   discovery requests, and Defendant Alegre provided untimely responses to Plaintiff Dizon's

28

                                              1

1    requests for admissions and interrogatories, while failing to respond to Plaintiff Dizon's requests

2    for inspection of documents.  (Doc. 44 at 4.)  Additionally, Plaintiffs began the deposition of

3    Defendant Alegre on February 26, 2025, but shortly after a meal break, Defendant Alegre stated

4    that she was too tired to continue with the deposition and requested that the deposition be

5    suspended and continued for another day.  The parties are currently meeting and conferring

6    regarding the completion of the deposition and the identification of individuals who may possess

7    relevant information and documents.  Further, Defendant Rigon has stated that she is not

8    available for a deposition until March of 2025. (*Id.* at 4-5.)

9        Plaintiffs contend that there is good cause for modification of the Scheduling Conference

10   Order to allow for completion of fact discovery before conducting expert discovery.  Plaintiffs are

11   not requesting modification of the dispositive motion deadline, pretrial conference date, or trial

12   date.  Although Plaintiffs requested that Defendants stipulate to modification of the Scheduling

13   Conference Order, Defendants declined to stipulate.  (Doc. 44 at 5.)

14                                **LEGAL STANDARD**

15       Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified

16   only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire*

17   *for Air Conditioning W.L.L. v. Salem*, No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D.

18   Cal. Jan. 6, 2020) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the

19   Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order

20   'only for good cause.'"). The party seeking to modify a scheduling order bears the burden of

21   demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at

22   *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.

23   2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992)).  The Court

24   may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party

25   seeking the extension." *Johnson*, 975 F.2d at 609.  If the party was not diligent, then the inquiry

26   should end. *Id.*

27       In determining diligence, the Court can inquire into (1) whether the movant was diligent

28   in aiding the Court in creating a scheduling order, (2) whether matters that were not, and could

                                         2

1  not be foreseeable at the time the scheduling order was entered caused the need to amend, and (3)

2  whether the movant was diligent in attempting to amend the scheduling order once the need to

3  amend became apparent. *Gonzalez v. Jones*, No. 2:15-cv-2448-TLN-KJN, 2020 WL 9144005, at

4  *2 (E.D. Cal. April 13, 2020) (citation omitted).

5                                                    **DISCUSSION**

6         Here, the Court finds good cause to allow for modification of the Scheduling Conference

7  Order.  Plaintiffs aided the Court in creating a scheduling order by filing a Scheduling Report and

8  participating in a Scheduling Conference with the Court.  (Docs. 20, 22, 24.)  As to the cause for

9  the need to amend, the difficulties in completing non-expert discovery, including the depositions

10  of Defendants, arose after entry of the Scheduling Conference Order.  The difficulties and delays

11  could not have been foreseen at the time the Scheduling Conference Order was entered.  As to

12  diligence in seeking amendment, the Court is concerned that Plaintiffs delayed in attempting to

13  amend the Scheduling Conference Order until after expiration of the non-expert discovery

14  deadline.  Nonetheless, Plaintiffs have identified multiple delays in completing non-expert

15  discovery supporting the need for modification.  Defendants will not suffer any prejudice by an

16  extension of the relevant non-expert and expert discovery deadlines.

17         Accordingly, having considered the *ex parte* application, the Court finds good cause to

18  amend the Scheduling Conference Order.  Fed. R. Civ. P. 16(b)(4); *see also* Local Rule 144(c)

19  ("The Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel

20  that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such

21  a stipulation cannot be obtained and the reasons why the extension is necessary.").

22                                          **CONCLUSION AND ORDER**

23         For the reasons stated, it is HEREBY ORDERED as follows:

24         1.  Plaintiffs' *ex parte* application to modify the pretrial scheduling order (Doc. 44) is

25              GRANTED.

26         2.  The Scheduling Conference Order is modified as follows:

27              Non-Expert Discovery Cutoff                      May 29, 2025
                Expert Disclosure:                               June 26, 2025
28

1  Supplemental Expert Disclosure:        July 28, 2025
   Expert Discovery Cutoff               August 28, 2025
2

3    3.  All other deadlines set forth in the Scheduling Conference Order issued on April 26,

4        2024, (Doc. 24), remain unchanged, including the pretrial motion filing deadline,

5        pretrial conference, and trial.

6

7  IT IS SO ORDERED.

8      Dated:   **March 17, 2025**              /s/ Barbara A. McAuliffe

9                                         UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28