UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILLI DIZON and MARK JASON ESPEJO,<br><br>Plaintiffs,<br><br>v.<br><br>AMOR ALEGRE and AURORA RIGON,<br><br>Defendants. | Case No. 1:23-cv-01366-JLT-BAM<br><br>ORDER DENYING SECOND STIPULATION TO MODIFY SCHEDULING ORDER WITHOUT PREJUDICE<br><br>(Doc. 51)<br><br>ORDER DIRECTING PARTIES TO CONTACT COURTROOM DEPUTY TO SCHEDULE SETTLEMENT CONFERENCE |

On April 30, 2025, shortly after defendants retained counsel, the Court granted the parties' stipulation to modify the Scheduling Conference Order. (Doc. 50.) Pursuant to that order, the Court set the following deadlines:

| | |
|---|---|
| Non-Expert Discovery Cutoff: | August 27, 2025 |
| Expert Disclosure: | September 29, 2025 |
| Supplemental Expert Disclosure: | October 29, 2025 |
| Expert Discovery Cutoff: | November 14, 2025 |
| Pretrial Motion Filing Deadline: | January 30, 2026 |
| Pretrial Conference: | June 29, 2026, 1:30 p.m., Courtroom 4 (JLT) |
| Jury Trial (7-9 days): | August 25, 2026, 8:30 a.m., Courtroom 4 (JLT) |

(*Id.*)

Currently before the Court is the parties' second stipulation to modify the scheduling order, filed October 10, 2025. (Doc. 51.) The parties indicate that on July 23, 2025, Defendants

1

1   served deposition notices for deposing Plaintiffs on August 26, 2025.  On August 15, 2025,
2   Plaintiffs' counsel informed defense counsel of his unavailability for depositions for the
3   remainder of August 2025 due to a trial commitment and reiterated the desire to notice the
4   continued deposition of Defendant Alegre and the previously noticed deposition of Defendant
5   Rigon.  (*Id.*)  The parties explain that they have met and conferred an agree to participate in an
6   early settlement conference, ideally in November or December 2025.  They further agree that (1)
7   the discovery deadlines for fact and expert discovery should be extended to allow sufficient time
8   for percipient and expert discovery; and (2) Plaintiffs' responses to the written discovery served
9   by Defendants shall be due no later than one week after the Court issues an order reopening
10  discovery.  The parties also agree and stipulate to referral to the Court's Voluntary Dispute
11  Resolution Program.  Further, because Defendants are unavailable during the currently scheduled
12  August 26, 2026 trial date, the parties agree that trial should be continued at least sixty (60) days
13  to accommodate availability for the 7–9-day trial.  (*Id.*)
14        A scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4).  Rule
15  16(b)'s good cause inquiry focuses primarily on the movant's diligence. *Coleman v. Quaker Oats*
16  *Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (Rule 16(b)'s good cause standard "primarily
17  considers the diligence of the party" seeking modification).  Here, the Court does not find the
18  requisite good cause for modifying the scheduling order.  The parties fail to provide an adequate
19  explanation for the failure to complete non-expert discovery prior to the deadline.  Counsel's
20  August 2025 trial commitments are not sufficient, and the parties fail to account for the period
21  between April 30, 2025, when the Court initially extended the discovery deadlines, and August
22  27, 2025.  Further, the parties' request for an extension of the non-expert discovery deadline more
23  than a month after its expiration demonstrates a lack of diligence.  The parties also do not explain
24  why Defendants' unavailability for the currently scheduled trial was not addressed in their prior
25  stipulation. (*See* Doc. 49.)  Additionally, to the extent the parties seek a modification of the
26  pretrial and trial deadlines in order to participate in a settlement conference (or VDRP), the
27  parties are advised that settlement discussions do not constitute good cause justifying
28  modification of a pretrial scheduling order. *See, e.g.*, *Gerawan Farming, Inc. v. Rehrig Pacific*

2

*Co.*, No. 11-cv-01273-LJO-BAM, 2013 WL 1164941, * 4 (E.D. Cal. Mar. 20, 2013). The Court will therefore deny the parties' second stipulation to modify the scheduling order. However, based on the parties' agreement to participate in an early settlement conference, they will be directed to contact the Courtroom Deputy to schedule such a conference.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The parties' second stipulation to modify the scheduling order, (Doc. 51), is DENIED without prejudice.
2. Within **fourteen (14) days** of the date of this order, counsel for the parties shall contact Courtroom Deputy Esther Valdez at evaldez@caed.uscourts.gov to schedule a settlement conference with the undersigned.

IT IS SO ORDERED.

Dated:   **October 14, 2025**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE